UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALBERT CHUNG HUH,

                Petitioner,                           Civil No. 06-1540-HA

        v.                                  OPINION AND ORDER

CHARLES DANIELS, Warden,
Federal Correctional Institution,
Sheridan, Oregon,

                Respondent.

_____

HAGGERTY, Chief Judge:

        Petitioner brought a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

He invokes this court's jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(4).  Petitioner is a

federal prisoner being housed by the Bureau of Prisons (BOP) at the Federal Correctional

Institution in Sheridan, Oregon.  Petitioner asserts that BOP erred in denying him eligibility for a

discretionary one-year sentence reduction available under 18 U.S.C. § 3621(e)(2)(B).  In the

1 - OPINION AND ORDER

Response to Habeas Petition [6], which this court construes as a motion for dismissal, respondent argues that the petition should be denied on grounds that petitioner was found ineligible for the sentence reduction properly.  For the following reasons, the petition is denied.

## BACKGROUND

The statute at issue, 18 U.S.C. § 3621(b), directs the BOP to provide substance abuse treatment to prisoners who have a "treatable condition of substance addiction or abuse."  As an incentive for prisoners to seek treatment, Congress made one-year sentence reductions available to some prisoners who completed the substance abuse treatment programs.  § 3621(e)(2)(B).  These reductions were established in 1994.  In the legislation, Congress mandated that only nonviolent offenders are eligible for a sentence reduction, and that the sentence reduction may not exceed one year.  *Id*.

Prior to 1997, the BOP's implementing regulation and program statements defined "nonviolent" offense to exclude any conviction accompanied by the possession of a firearm or other dangerous weapon.  *See* Program Statement (P.S.) 5161.02 (July 24, 1995).  The Ninth Circuit rejected this interpretation, holding that the BOP must define the term "nonviolent offense" in accordance with previous judicial interpretation, and that firearm possession fell within the definition of a nonviolent offense.  *Davis v. Crabtree*, 109 F.3d 566, 569 (9th Cir. 1997); *see also Downey v. Crabtree*, 100 F.3d 662, 667 (9th Cir. 1996) (a crime categorized as nonviolent for Sentencing Guidelines purposes must be construed as nonviolent for DAP eligibility).

2 - OPINION AND ORDER

In response, the BOP amended its regulation and program statements governing prisoners' eligibility for early release. *See* 62 Fed. Reg. 53690 (Oct. 15, 1997) (1997 Interim Rule).

Relying on the exercise of the BOP's discretion rather than on an interpretation of the term "nonviolent offense," the 1997 Interim Rule's excluded the same kind of prisoners from early release eligibility as those who were ineligible under the old rules. *Id.* Prisoners were ineligible for early release if their current offense was a felony that involved the carrying, possession, or use of a firearm or other dangerous weapon. *Id.*

The BOP acknowledged that some offenses excluded by the regulation were nonviolent offenses, but asserted that the implementing statute did not mandate that all nonviolent offenders must receive early release, and that determining sentence reduction eligibility was within its discretion. *Id.*

The 1997 Interim Rule was upheld as a valid exercise of the BOP's discretion. *See Lopez v. Davis*, 531 U.S. 230, 237-38 (2001) (affirming the Eighth and Ninth Circuits' analysis that the BOP exercised its discretion properly in developing categorical exclusions); *Bowen v. Hood*, 202 F.3d 1211, 1218-20 (9th Cir. 2000) (same).

Although courts found the substance of the 1997 Interim Rule to be within the BOP's discretion, the rule was later invalidated on a procedural challenge because it was promulgated in violation of the notice-and-comment provision of the APA. *See Paulsen v. Daniels*, 413 F.3d 999, 1004 (9th Cir. 2005).

On December 22, 2000, the BOP finalized the interim rules. *See* 65 Fed. Reg. 80,745

(Dec. 22, 2000) (2000 Final Rule). The substance of the 2000 Final Rule is unchanged from the

1997 Interim Rule, but the 2000 Final Rule cured the prior notice-and-comment deficiencies.

This court upheld the 2000 Final Rule and concluded that the Rule was neither arbitrary,

capricious, nor an abuse of discretion:

> This court follows the Supreme Court's recognition that it is
> reasonable to consider the excluded prisoners as posing a greater
> risk upon release. *Lopez*, 531 U.S. at 240-41. The need for a
> uniformly applicable regime for determining eligibility provides
> another reasonable basis for the rule, and the BOP's explanation of
> its discretion to create such a regime in the rule promulgation is
> sufficient to withstand APA judicial review. Accordingly, this
> court concludes that the 2000 Final Rule is not arbitrary,
> capricious, an abuse of discretion, or otherwise not in accordance
> with law. 5 U.S.C. § 706(2)(a).

*Arrington v. Daniels*, 465 F. Supp.2d 1104, 1108 (D. Or. 2006).

Petitioner is in the custody of the BOP pursuant to a June, 2005 conviction for

Conspiracy to Distribute Ecstacy pursuant to 21 U.S.C. § 841(a)(1) in the Western District of

Washington. Petitioner received a total guideline sentence of forty months in the custody

of the BOP. His conviction included a Specific Offense Characteristic for possession of a

weapon. Petitioner's plea negotiations included a stipulation that he agreed to an upward

adjustment of two levels pursuant to applicable United States Sentencing Guidelines (hereinafter,

U.S.S.G.) § 2D1.1(b)(1), addressing his possession of a loaded .40 caliber Smith and Wesson

semi-automatic pistol during the commission of his offense. This is confirmed in relevant

portions of petitioner's Pre-Sentence Report, which was filed under seal as an attachment to the

Response. Petitioner's projected release date is March 2, 2008, *via* Good Conduct Time Release

calculations.

4 - OPINION AND ORDER

Subsequently, petitioner was found eligible for the BOP's Residential Drug and Alcohol Treatment Program (RDAP), enrolled, and was expected to complete the program by May 2007. However, he was found ineligible for a sentence reduction that is otherwise authorized by 18 U.S.C. § 3621(e)(B)(2) because of his possession of a weapon during commission of his offense.

Petitioner challenges the decision precluding him from the early release incentive pursuant to 18 U.S.C. § 3621(e)(b)(2) as violating his constitutional due process and equal protection rights. Petitioner acknowledges implicitly that his contention "that disqualification is arbitrary and capricious under the Administrative Procedure Act" is settled law currently, as the issue is now before the Ninth Circuit in a related appeal of this court's *Arrington* decision. *See* Petitioner's Motion to Withdraw Motion for Extension of Time and for Expedited Decision on the Pleadings at 2. However, petitioner requests rulings on the other issues raised in his Memorandum to Support his Writ of Habeas Corpus [1] and his *pro se* Motion for Injunctive Relief [12]. *Id.*

These issues include assertions that (1) petitioner's disqualification for the § 3621(e) sentence reduction violates the Due Process and Equal Protection Clauses to the United States Constitution; (2) the use of sentencing enhancements to increase a sentence violates the Sixth Amendment to the Constitution; and (3) P.S. 5162.04 was construed as invalid under *Bohner v. Daniels*, 243 F. Supp.2d 1171 (D. Or. 2003) and should continue to be declared invalid. *Id.* at 2-3.

Petitioner's Motion to Withdraw Motion for Extension of Time and for Expedited Decision on the Pleadings [14] (hereinafter Mot. to Withdraw) is GRANTED AS FOLLOWS:

5 - OPINION AND ORDER

petitioner's prior Motion for Extension of Time [13] is denied as moot, and, for the following reasons, the petition [1] and petitioner's *pro se* Motion for Injunctive Relief [12] are denied, and the Response to Habeas Petition [6], which this court construes as a motion for dismissal, is GRANTED.

///


**<u>ANALYSIS</u>**

The court accepts petitioner's tacit acknowledgment that the current settled law finds BOP's denial of petitioner's sentence reduction to be neither arbitrary nor capricious.  *See Arrington*, 465 F. Supp.2d at 1107-08.  The other challenges presented are without merit.

As noted above, petitioner's counsel has offered a summary of the challenges petitioner wishes to have resolved.  *See* Mot. to Withdraw at 2-3.  While summarized by counsel, these issues are articulated and developed only in petitioner's *pro se* habeas petition and his *pro se* "Motion to The Court for a Preliminary Injunctive Relief" (which the court notes is cited to and relied upon by counsel, but was filed by counsel's client on February 23, 2007, over two months after counsel for petitioner was appointed).  The *pro se* motion, which was filed by a prisoner who has appointed representation, may not be before the court properly, and has been ignored by counsel for respondent.  Construing the pleadings liberally, and accepting petitioner's Motion to Withdraw as a request for rulings on the identified issues without further briefings, this court proceeds to the analyze the questions presented.

**1.      Disqualification does not violate Due Process and Equal Protection Clauses**

6 - OPINION AND ORDER

First, petitioner renews constitutional challenges that have been examined by courts thoroughly. To establish a due process violation, a prisoner must show deprivation of a liberty or property interest protected under the Fifth Amendment to the Constitution without due process of law. Convicted prisoners have no constitutional or inherent right to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of Neb. Penal and Corr. Comp.*, 442 U.S. 1, 7 (1979); *Meachum v. Fano*, 427 U.S. 215, 225 (1976).

The BOP is vested with broad discretionary authority under 18 U.S.C. § 3621(e) to reduce the sentence of a prisoner convicted of a nonviolent offense, and that section does not create a due process liberty interest in the sentence reduction. *See Jacks v. Crabtree*, 114 F.3d 983, 986 n.4 (9th Cir. 1997) (denial of sentence reduction merely means that the inmate will have to serve out his or her sentence as expected).

There is no constitutionally protected right of a convicted person to early release under section 3621(e) and, therefore, petitioner has not been deprived of a statutory or constitutional right by the denial of this reduction. *See, e.g., Zacher v. Tippy*, 202 F.3d 1039, 1045 (8th Cir. 2000) (prisoner has no legally protected interest in an erroneous misapplication of prison bureau's regulations and the correction of errors cannot violate the Due Process clause); *Wottlin v. Fleming*, 136 F.3d 1032, 1036 (5th Cir. 1998). A petitioner who has been denied a sentence reduction pursuant to § 3621 is not entitled to habeas relief unless the petitioner's crime was improperly categorized, or the BOP' s regulations implementing § 3621's requirements are applied retroactively to a petitioner who entered a drug treatment program in reliance on the prior regulations. *See, e.g., Dowling v. Crabtree*, 58 F. Supp.2d 1172, 1173 (D. Or. 1999).

As a federal court eloquently stated in the context of a similar case, even if Petitioner had been "eligible" for early release

7 - OPINION AND ORDER

> notwithstanding his prior convictions for robbery and his current
> conviction for being a felon in possession of a firearm, "eligibility
> is not entitlement." *LaSorsa v. Spears*, 2 F. Supp.2d 550, 554
> (S.D.N.Y. 1998), quoting *Bush v. Pitzer*, 133 F.3d 455, 457 (7th
> Cir. 1997).

*Walton v. Booker*, 2006 WL 2374843, *3 (D. Ariz. 2006). This court finds no grounds in any

submissions from petitioner or his counsel that place his "due process" argument beyond the

scope of the dispositive reasoning presented by these authorities and this court's decision in

*Arrington*.

### 2.    Sentencing enhancement does not violate Sixth Amendment

Petitioner appears to assert that "sentencing enhancements are not elements of the crime

charged," and that Respondent erred in relying upon the two-point gun possession enhancement

that he agreed to in plea negotiations as grounds to exclude him from eligibility for a RDAP

sentence reduction. Memorandum to Support Habeas Petition at ¶¶ 3-6, 3-7, 3-8. Again, the

court finds nothing in any submissions from petitioner or his counsel that compels departure

from the dispositive reasoning already presented in *Arrington*:

> It is undisputed that the BOP has the authority to create
> categorical exclusions from sentence reduction eligibility under the
> DAP program. *Lopez*, 531 U.S. at 242. The *Lopez* Court upheld
> the reasoning of the Eighth Circuit Court of Appeal' that the BOP
> had authority to devise a regime determining eligibility for
> sentence reductions based on criteria that can be applied
> uniformly. *Id*. at 237.
>
> The *Lopez* Court also addressed the issue of excluding
> nonviolent offenses that involve a firearm. The Court held that
> such an exclusion is permissible . . . .   Accordingly, the Court
> recognized the discretionary power of the BOP to "delineate, as an
> additional category of ineligible inmates, those whose current
> offense is a felony involving a firearm." *Id*. at 238.

*Arrington*, 465 F. Supp.2d 1107-08 (some internal quotations and citations omitted).

8 - OPINION AND ORDER

3.      **Program Statement 5162.04**

Finally, counsel for petitioner seeks a ruling on petitioner's contention that P.S. 5162.04

is invalid under *Bohner*, 243 F. Supp.2d at 1174-75 and *Paulsen*, 413 F.3d at 1003-04.  Mot. to

Withdraw at 2-3.

Program Statement 5162.04 states in part:

> Convictions for an offense listed below [including violations of 21
> U.S.C. §§ 841 and 846] . . . may or may not satisfy the standard
> listed in the introductory portion of the Section 7.  At the time of
> sentencing, the court makes a finding of whether the offense
> involved the use or threatened use of force, and this finding is
> reflected in the . . . "Offense Computation," subsection entitled
> "Specific Offense Characteristics."  This subsection references a
> particular U.S. Sentencing Guideline that provides for an increase
> in the Total Offense Level if the criminal violation was committed
> with force.

P.S. 5162.04, Categorization of Offenses, Part 7(b).

Program Statement 5162.04 is not invalid.  Its validity continues to be recognized by

courts throughout the country.  *See, e.g., United States v. O'Neal*, 2007 WL 2022189, *1 (D.S.C.

July 11, 2007) (citing and quoting BOP P.S. 5162.04(e) that whether to reduce a sentence due to

completion of the drug treatment program is a decision made by the BOP); *Robinson v.*

*Gonzales*, 2007 WL 1847687, *3 (D.Md.) (D. Md. June 27, 2007) (BOP adopted P.S. 5162.04 to

interpret regulations, list federal offenses that the BOP has determined to be "crimes of

violence," and to identify others which, relying on the discretion to grant a sentence reduction,

render inmates ineligible for early release under 18 U.S.C. § 3621(e)); *Brown v. Guteirrez*, 2007

WL 1795583, *4 (N.D.W.Va. June 20, 2007) (even if petitioner had exhausted administrative

remedies, the BOP properly utilized P.S. 5162.04 to determine that petitioner was not eligible for

early release).

Moreover, the Supreme Court's acceptance in *Lopez* of the BOP regulation that categorically excludes inmates from early release under § 3621 if their felony offense involved carrying, possession or use of a firearm supersedes whatever grounds petitioner seeks to rely upon in the Ninth Circuit's decision in *Paulsen*.  As noted above, the *Paulsen* decision concerned an interim rule adopted by the BOP on October 15, 1997, not the current rule promulgated on December 22, 2000.  *Paulsen*, 413 F.3d at 1003.  The scope of the *Paulsen* decision (which addressed an alleged violation of APA notice requirements) applies to federal prisoners who were categorically denied eligibility for sentence reduction under the 1997 Interim Rule from October 9, 1997, to December 21, 2000.  Petitioner pled guilty in June 2005 and was determined ineligible for early release in June 2006, based on the later rule.  His reliance upon *Paulsen* and other past challenges to P.S. 5162.04 lack merit.

## **CONCLUSION**

For the foregoing reasons, petitioner's Motion to Withdraw [14] is GRANTED IN PART. Petitioner's Motion for Extension of Time [13] is DENIED AS MOOT.  This court concludes that the BOP determined petitioner's ineligibility for the discretionary one-year sentence reduction available under 18 U.S.C. § 3621(e)(2)(B) properly.  Accordingly, petitioner's Petition for Writ of Habeas Corpus [1] and petitioner's *pro se* Motion for Injunctive Relief [12] are DENIED, and the Response to Habeas Petition [6], which this court construes as a motion for dismissal, is GRANTED.

IT IS SO ORDERED.

DATED this  _25ᵗʰ_ day of July, 2007.

_____/s/ Ancer L. Haggerty_____
Ancer L. Haggerty
United States District Judge

10 - OPINION AND ORDER